[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR WAIVER OF FEES AND COSTS, ETC.
The defendant has moved for a waiver of fees and costs and has requested that the state provide her with a transcript of this case which was decided in favor of the plaintiff on June 12, 1990.
Pursuant to 4016 and 4017 of the Practice Book, the court may, if it is satisfied that the defendant is indigent and entitled to an appeal, waive applicable fees and costs and order the necessary expenses to be paid by the state.
 I.
In all prior proceedings in this case, in a related administrative appeal, and in an administrative hearing before the CT Page 2934 Meriden Zoning Board of Appeals from which decisions the appeal was taken, the defendant was and represented herself to be the owner of the premises which are the subject of this action.
In this application, the defendant represents that she has conveyed the premises in question to her mother. Under questioning by the court, she indicated she took title from her mother in 1984. That conveyance and the recent re-conveyance were without consideration. The court was given no facts or figures as to the equity, debts owed, or other pertinent aspects of the recent transfer.
The defendant, also claims to be without income because her workers' compensation payments have been terminated. The plaintiff introduced evidence (Exhibit A) and elicited testimony from the defendant which would indicate these benefits terminated because of acts of the defendant.
From this evidence, the court cannot find this defendant is indigent as she has created her present financial status by voluntary acts of her own.
 II.
Even if the defendant were indigent, the court must address the question of whether she is entitled to an appeal. (Practice Book 4017).
An indigent is not entitled to an appeal if the action is frivolous. That is, if the applicant's chances of success are slight. Ferrucci et al v. Davidson, 12 CLT 19, May 12, 1986, Barnett, J.; citing Sims v. Zolango, 481 F. Sup. 388, 391 n. 1 (S.D. N.Y. 1979).
This court has indicated in the past and finds at this time that this defendant's defense of this action was frivolous and any appeal would be frivolous.
This finding is based in part on the fact that the decision of this court included a determination that the issues in the instant matter were identical to those raised in the prior administrative appeal. (Docket No. CV89-290107, Larson v. Zoning Board of Appeals of the City of Meriden). No appeal was taken from the decision in that case. The present action stems from the City of Meriden's attempt to enforce the judgment in that case.
In addition, the court finds that the issues raised by the defendant are now moot and hence no appeal is warranted. The defendant has conveyed the property in question to her mother. She stated to this court at the hearing on this motion that her CT Page 2935 mother owns the animals which she had harbored prior to the decision in this case. The defendant is therefore not aggrieved and has no standing to pursue the allegations originally made in her application before the zoning board of appeals.
Finally, the defendant's stated reason for her persistent pursuit of this cause, viz, that she has "the right to vindicate herself" is not such a reason as to warrant the expenditure of state funds.
CONCLUSION
In view of the above findings, the defendant's motion is denied.
ANTHONY V. DeMAYO, J.